```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
CARLYLE HERRING,                          :   23cv4522(DLC)
                                          :
                        Plaintiff,        :   MEMORANDUM
             -v-                          :   OPINION AND ORDER
                                          :
ANGEL QUIROS, et al.,                     :
                        Defendants.       :
                                          :
----------------------------------------- X
```

DENISE COTE, District Judge:

On May 30, 2023, the plaintiff filed a complaint seeking release from parole in Connecticut pursuant to 42 U.S.C. § 1983. The complaint names as defendants Connecticut state officials who are alleged to have some role with respect to his parole in Connecticut. The complaint alleges that the plaintiff is no longer on parole because he has served all of the time related to his Connecticut criminal conviction.

On June 16, the plaintiff was ordered to show cause why this action should not be dismissed on at least the following grounds:

- Any request for release from custody may only be brought as a writ of habeas corpus, not under 42 U.S.C. § 1983. See Poventud v. City of New York, 750 F.3d 121, 128 (2d Cir. 2014) (quoting Preiser v. Rodriguez, 411 U.S. 475, 484 (1973))

- Any application for a writ of habeas corpus shall not be granted unless the petitioner has exhausted all state court remedies.  28 U.S.C. § 2254(b)(1)(A).
- Any request that Connecticut officials remove the detainer should be filed in Connecticut.

On June 21, the plaintiff clarified that he is seeking a declaration that the plaintiff is no longer on parole in the state of Connecticut.  On June 23, the defendants replied.

An Order of June 23 dismissed this action without prejudice to refiling in Connecticut ("Order").  On June 26, the plaintiff filed a notice of appeal of the Order.  That same day, the plaintiff filed a motion for reconsideration of the Order.

The standard for granting a motion for reconsideration is "strict."  Cho v. Blackberry Ltd., 991 F.3d 155, 170 (2d Cir. 2021) (citation omitted).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  Analytical Surv., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).  "A party may . . . obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Cho, 991 F.3d at 170. The decision to grant or deny the motion for reconsideration

rests within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

The motion for reconsideration is denied.[1]  In his complaint, the plaintiff requests "injunctive relief directing the Defendants to release the Plaintiff from parole." Parole constitutes custody for the purposes of habeas corpus relief. Earley v. Murray, 451 F.3d 71, 75 (2d Cir. 2006).  A person challenging the duration of his sentence from a state criminal conviction may only do so in federal court by a writ of habeas corpus.  See Poventud v. City of New York, 750 F.3d 121, 128 (2d Cir. 2014) (citing Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)).  Here, because the plaintiff is seeking release from parole, he is seeking release from custody, which must be brought as a petition for a writ of habeas corpus, not as a claim for injunctive relief under 42 U.S.C. § 1983.  Therefore, the complaint fails to state a claim upon which relief may be granted.

Even if this Court were to construe this complaint as a petition for a writ of habeas corpus, the petition would be denied because the plaintiff has failed to show that he

---

[1] Due to the timely filing of the motion for reconsideration of the Order, the notice of appeal of the Order becomes effective upon the entry of this Court's disposition of the motion for reconsideration.  Fed. R. App. P. 4(a)(4)(B)(i).

"exhausted the remedies available in the courts of" Connecticut. 28 U.S.C. § 2254(b)(1)(A); see also Carvajal v. Artus, 633 F.3d 95, 104-05 (2d Cir. 2011). The plaintiff has not made any showing that he has sought release from parole or challenged the constitutionality of the parole in Connecticut state court.

Finally, even if it were appropriate to construe the complaint as properly brought pursuant to 42 U.S.C. § 1983, venue would not lie in this district. The plaintiff relies on 28 U.S.C. § 1391(b)(2), which provides that venue is established in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Here, the events giving rise to the plaintiff's claims are any decisions made by the Connecticut defendants about the plaintiff's parole status. Those events would have necessarily occurred in Connecticut, not New York. Therefore, venue does not lie in this district, and the District of Connecticut would be the proper venue for the plaintiff's claims.

The plaintiff asserts that venue is proper in this district because he resided in Bronx County while on parole from his Connecticut conviction. The plaintiff's presence in this district, however, is not an event "giving rise to" the plaintiff's claims, much less a substantial part of those events. Courts "are required to construe the venue statute strictly." Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 357 (2d

Cir. 2005). The plaintiff fails to establish that any substantial part of the events giving rise to his claims occurred in this district.

## Conclusion

The plaintiff's June 26, 2023 motion for reconsideration is denied.

Dated:   New York, New York
         June 29, 2023

                                            _____
                                                  DENISE COTE
                                            United States District Judge